☐ ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\*FILED\*
2017 MAY 12 PM 11:35
CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

-----------------------------X
PATRICIA ATKINS-PAYNE
             Plaintiff,

CV 17- 2985

- against -

NEW YORK CITY POLICE DEPARTMENT,
67TH POLICE PRECINCT, LIEUTENANT
McLAUGHLIN, POLICE OFFICER RODRIGUEZ,
POLICE OFFICER GENE, SERGEANT/POLICE
OFFICER JANE DOE, POLICE OFFICER
JOHN DOE, KINGS COUNTY CRIMINAL
COURT,
             Defendants.
-----------------------------X

VITALIANO, J.

LEVY, M.J.

I   Parties:

Plaintiff: Patricia Atkins-Payne, resides at 861 E 46 Street, Brooklyn, NY 11203:

Defendant NYC Police Dept, resides at c/o No 1. Police Plaza, New York, NY 10007.

Defendant NYC 67th Police Precinct, resides c/o No 1. Police Plaza New York, NY 10007.

Defendant Lieutenant McLaughlin, resides c/o No 1. Police Plaza New York, NY 10007.

pg 1 of 8

Defendant Rodriguez, a New York City Police officer, resides at c/o No.1. Police Plaza, New York, NY 10007.

Defendant Jean, a New York City Police officer, resides at c/o No.1. Police Plaza, New York, NY 10007.

Defendant JANE DOE, a New York City Police officer/Sergeant, resides at c/o No.1. Police Plaza, New York, NY 10007.

Defendant John Doe, a New York City Police officer, resides at c/o No.1. Police Plaza, New York, NY 10007.

Defendant Kings County Criminal Court, resides at c/o No.1. Police Plaza, New York, NY 10007 / 120 Schermerhorn St, Brooklyn, NY 11201.

JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C § 1983 and 28 U.S.C. § 1331.

STATEMENT OF FACTS:

1. On the night of November 3, 2015, Plaintiff Patricia Atkins-Payne and her son Elliot Payne decided, on arrival home to enter the residence - 861 E 46 STR PVT, BROOKLYN, NY 11203 from the front entrance door.

Pg 2 of 8

2. Ms. Payne is Sole Owner of the residence.

3. Approximately between 7:30/8:00 PM, Plaintiff and her son Elliot arrived home and was surprised to find her entrance door open.

4. Mr. David Payne is Elliot's father, who is also Disable, — him due to May 8, 1987 His Manager physically attacked / leaving him with a diagnose (TBI) TRAMATIC BRAIN INJURY, that left Mr. Payne in the use of a POWER WHEEL CHAIR and was unable to work for his family ever since.

5. Plaintiff and her son Elliot entered the residence and found her living-room door also open where Mr. Payne lives on the 1st fl.

6. Mr. Payne was sitting in his Recliner chair and at that time appeared to be all shucked up.

7. Plaintiff asked Mr. Payne what was the Matter with him he informed her that:

8. Two Female Police officers, Suddenly pushed the Living-room door open, while he was relaxing watching Television, and identified themselves as Police officer Rodiguez and Police officer Jean from the 67th Police Precinct.

9. The Two Female Police officers did not present or offer any Search or arrest Warrant.

10. The two Female Police officers questioned Mr. Payne about his Son Elliot Payne, who lives in Plaintiff's basement apt, including asking him whether Elliot or his mother Ms. Payne was at home.

11. Police officer Rodiguez further asked Mr. Payne if Elliot was in the Basement.

Pg 3 of 8

12. Mr. Payne told the two Police officers that neither his son Elliot or his mother was at home.

13. The two Police officers looked at each other after hearing Plaintiff and her son was not at home, and imediately rushed down stairs through Plaintiff's Living room, Dining room, Kitchen to plaintiff's son Elliot's basement apt - where he lives and believed the two Police officers allegedly Searched Plaintiff's basement apt without Supervision from Mr. Payne.

14. Police officer Rodiguez and Police officer Jean entered into Plaintiff's son Elliot basement apt - without asking or having permission from Elliot's father - Mr. Payne who was the only person home at that time.

15. The two Female Police officers had knowledge of Mr. Payne's disability.

16. When the two Police officers came back up stairs from Elliot's basement apt, they saw Mr. Payne still sitting in his - recliner chair where they 1st left him.

17. Mr. Payne told Plaintiff when the two Police officers was coming back from the basement they both came through the Kitchen, Dining-room returning to the Living room. They was looking through the rooms from side to side and did not find Plaintiff or her son Elliot in the residence.

18. Mr. Payne told Plaintiff when both Police officers-Rodiguez

pg 4 of 8

and officer Jean was leaving the residence, officer Rodriguez told Mr. Payne, that when Ms. Payne and his son return home:

19. That there is a Search and arrest Warrant out for Elliot. Signed by Detective McLaughlin and he should turn himself In.

20. And Officer Jean agreed with officer Rodriguez.

21. Plaintiff called the 67th Precinct that night about 9:00 PM, an officer answered from the "Squad unit" Plaintiff began to tell him of the above, he said yes a Warrant was out for Elliot's arrest.

22. Plaintiff asked the officer who Signed the Warrant, he said Detective McLaughlin.

23. The officer advised that Plaintiff call back at 8:00 AM the next day when Detective McLaughlin comes in and speak with him.

24. On 11/4/2015 the next morning, Plaintiff and her son Elliot arrived at the Criminal Court.

25. Elliot asked the female clerk on the 1st floor if their was a Search or arrest Warrant out for him. She told Elliot there isn't a Warrant but he should go upstairs and check.

26. Plaintiff and her son went up stairs and checked with the male clerk, and was also told there was No search or arrest Warrant for Elliot in the system.

27. When Plaintiff and her son arrived home, Elliot informed his

father, No Search or arrest Warrant was found in the System.

28. Elliot's father Mr. Payne told him he felt much relief.

29. On November 12, 2015 about 6:45 AM, Plaintiff awoke after hearing her doorbell ringing. She did Not answer. She waited for it to ring a second time. It did Not.

30. About 7:00 AM Plaintiff's son Elliot called and asked her to come to his residence in the basement where he lives.

31. Plaintiff was entering the basement from the inside-Kitchen Door, when she saw the basement side door wide open, but did Not think anything of it.

32. Plaintiff entered her basement and also saw Elliot's bedroom door wide open.

33. Plaintiff was entering Elliot's bedroom, she saw one Police officer standing in the middle of his bedroom, backing the entrance door next to his bed.

34. Plaintiff walked around the officer who imediately place her face to the bedroom floor and started smirking when Plaintiff realized it was Police officer Rodiguez.

35. Another female Police officer was standing in Elliot's bedroom more to Elliot's (R) side, seriously looking at the young white male Police officer who was putting Hand Cuffs on Elliot.

36. Plaintiff asked officer Rodiguez who was the other female Police officer. She told me "her name was Sergeant Colette who is going to be the Sergeant to arrest

Pg 6 of 8

you daughter Sharon.

37. Police officer Rodriguez told Plaintiff that officer [COLETTE] was a Sergeant, and Police officer colette and "John Doe" who place the Hand cuffs on My son Elliot agreed with officer Rodriguez.

38. Police officer Rodriguez then made a Motion to the male Police officer to take Plaintiff's son Elliot out to the Vehicle.

39. Three Police officers entered Ms. Payne's basement through a basement entrance, The police officers did not present or offer any search or arrest Warrant.

40. The three Police officers did not asked Elliot any questions about his arrest.

41. Police officer Rodriguez said to Plaintiff that Detective - McLaughlin sent all three to do the arrest. He signed for Elliot's arrest as she continued "smirking".

42. Plaintiff asked officer Rodriguez, how she entered my residence. She stated the door was open.

43. After Plaintiff's son Elliot return home from jail Plaintiff asked him about the door and he said the door was Locked.

44. Plaintiff's son Elliot was in the Shower getting dress for College that AM - when the three Police officer arrived at the Residence.

45. Plaintiff's son Elliot also missed his Final EXAMS that day also his PM employment.

Pg 7 of 8

Soon after Sharon told her mother Ms. Payne that while she was in Jail, her Lawyer told her that she has in her file that the three Police officers said she open the door that Am for them.

46. Sharon did not because she was sleeping and after Elliot's arrest, office Rodriguez and Colette went upstairs through plaintiff's house because they said they wanted to see Sharon and Plaintiff witness Sharon being woke from a deep sleep and Sharon let her Lawyer know that.

47. Plaintiff Lock was forced open that morning.

48. Plaintiff Noticed her lock was sprung after the Police officers left and it was not like that just the day before, and to this day even after, putting on a second lock never was the same.

49. Plaintiff went to the 67th Precinct that morning to speak to Detective McLaughlin about him signing the search and arrest warrant that according to police officer Rodriguez he signed, and was in time to see him coming in to work the morning. He was extremely upset.

50. Plaintiff saw when officer Rodriguez and officer Jean and Colette went to him and started telling him how they used his Name to arrest Elliot and Sharon.

51. He was telling the three officers that they were in a lot of trouble, and looked at officer Rodriguez and said and you, you are in some big trouble and said he did not want to hear nothing from her. Rodriguez and Jean looked at Plaintiff

52. and held their heads down.

WHEREFORE, Plaintiff and her family requesting a finding that their rights were violated and an award of damages for lost of Liberty and emotional distress cause by the arrest of my family and for loss of liberty cause by the search of the premises without probable cause in Violation of Plaintiff Fourth-Amendment rights Patricia Atkins-Payne et. al damages in the sum amount of $4.5 Million, with Cost and Disbursements of this action, together with any other relief that this court finds to be just and proper.

Dated: May 11th, 2017                    Patricia Atkins-Payne



**New York City Comptroller**
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

### The time and place where the claim arose

*Date of Incident: 11/12/2015   Format: MM/DD/YYYY
Time of Incident: 8:15 AM   Format: HH:MM AM/PM

*Location of Incident:
861 E 45 Street P/H
Brooklyn, NY 11203
① Basement Apt/
② Top floor

Address: 861 E 46 Street, Bklyn, NY 11203
Address 2:
City:
State:
Borough:

*Manner in which claim arose:

Attach extra sheet(s) if more room is needed.

Police officer told Sharon Payne to keep calling 911 over + over again til they come and arrest Elliot Payne and to say he had a knife and that she was scared because that would be the only way for the police to arrest Elliot. However on the above date approximately 8:00 – 8:15 AM the mother of both parties I was called to the basement when I saw 1 white Cop (male) and lady cop, who said she was Duggart Collene, and officer Rodriguez was up to Elliot hand cuffing him. I asked who was the office Sergeant arresting Elliot, she said she was by Detive McLaughlin is who put out for Elliot arrest then asked where was Sharon, she went to Sharon room and told her she and officer Collene paid just arrest Elliot and needed to get Elliot to the PCT. I asked my daughter if she was under arrest. When he said he don't know anything about what they did and he was loud in telling officer Jean/Collene on? and he was very angry at officer Rod. He said in front of me she especially was in a lot of trouble and Mr. Jean who went to my house PM Bro of Rod

The items of damage or injuries claimed are (include dollar amounts):

Attach extra sheet(s) if more room is needed.

This is a Intentional Tort That Rod Spread her Revenge on my family. I asking over + over for Police Report on Anthony David who broke into my house dug up all of my family took out insurance on me + Elliot, beat the life out of Elliot at age (15) I have asked Rod for a police Report years prior when she told me she was not going to do it so she and others arrested my children on Intentional Tort in the Dollars amount of $ Not less than $6. Million



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Medical Information**

| | | |
|---|---|---|
| 1st Treatment Date: | | Format: MM/DD/YYYY |
| Hospital/Name: | | |
| Address: | | |
| Address 2: | | |
| City: | | |
| State: | | |
| Zip Code: | | |
| Date Treated in Emergency Room: | | Format: MM/DD/YYYY |

Was claimant taken to hospital by an ambulance?  ⚪ Yes  ⚪ No  ⚪ NA

**Employment Information (If claiming lost wages)**

| | |
|---|---|
| Employer's Name: | |
| Address | Security Guard |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Work Days Lost: | |
| Amount Earned Weekly: | |

**Treating Physician Information**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

*Denotes required field(s).

Page 3 of 5



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Witness 1 Information**

| Field | |
|---|---|
| Last Name: | Payne |
| First Name: | David |
| Address | |
| Address 2: | 861 E 46 Street 4A |
| City: | Brooklyn |
| State: | NY |
| Zip Code: | 11203 |

**Witness 2 Information**

| Field | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Witness 3 Information**

| Field | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Witness 4 Information**

| Field | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Witness 5 Information**

| Field | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Witness 6 Information**

| Field | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

## Complete if claim involves a NYC vehicle

**Owner of vehicle claimant was traveling in**

Last Name:
First Name:
Address
Address 2:
City:
State:
Zip Code:

**Non-City vehicle driver**

Last Name:
First Name:
Address
Address 2:
City:
State:
Zip Code:

**Insurance Information**

Insurance Company Name:
Address
Address 2:
City:
State:
Zip Code:
Policy #:
Phone #:

**Non-City vehicle information**

Make, Model, Year of Vehicle:
Plate #:
VIN #:

**City vehicle information**

Plate #:
City Driver Last Name:
City Driver First Name:

**Description of claimant:** ○ Driver  ○ Passenger  ○ Pedestrian  ○ Bicyclist  ○ Motorcyclist  ○ Other

*Total Amount Claimed: $4.950 Million    *Format: Do not include "$" or ",".

Date: 1/12/16

Signature of Claimant: Patricia Payne

State of New York
County of New York

I, Patricia Payne, being duly sworn depose and say that I have read the foregoing NOTICE OF CLAIM and know the contents thereof; that same is true to the best of my own knowledge, except as to the matter here stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Sworn before me this day  JAN 1 2 2016

Signature of Claimant: Patricia Payne

Signature of notary: [signature]

~~DENISE JAIME~~
Notary Public, State of New York
Reg. No. 04JA6325007
Qualified in New York County
Commission Expires May 18, 2019

*Denotes required field(s).

Page 5 of 5