UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
PATRICIA ATKINS-PAYNE,

                Plaintiff,

        -against-

NEW YORK CITY POLICE DEPARTMENT;
67TH POLICE PRECINCT; LIEUTENANT
McLAUGHLIN; POLICE OFFICER
RODRIGUEZ; POLICE OFFICER GENE;
SERGEANT POLICE OFFICER JANE DOE;
POLICE OFFICER JANE DOE; AND KINGS
COUNTY CRIMINAL COURT,

                Defendants.
---------------------------------------------------------------- x

**MEMORANDUM OPINION**

17-cv-2985 (ENV) (RML)

---------------------------------------------------------------- x
ELLIOT PAYNE,

                Plaintiff,

        -against-

NEW YORK CITY POLICE DEPARTMENT;
67TH POLICE PRECINCT; LIEUTENANT
McLAUGHLIN; RODRIGUEZ, a New York City
Police Officer; YANIQUE JEAN, a New York City
Police Officer; JANE DOE, a New York City
Police Officer/Sergeant; AND KINGS COUNTY
CRIMINAL COURT,

                Defendants.
---------------------------------------------------------------- x

**MEMORANDUM OPINION**

17-cv-3392 (ENV) (RML)

VITALIANO, D.J.

       Plaintiffs Patricia Atkins-Payne and Elliot Payne[1] have each filed separate *pro se* civil

---

[1] For ease of reference, when referring directly to the respective plaintiffs, only first names will be used.

1

rights complaints, raising claims pertaining to two incidents. The first occurred on November 3, 2015. The second came days later, on November 12, 2015. Because their complaints raise nearly identical claims, the two cases will be considered together. Their requests to proceed *in forma pauperis* are granted pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the claims against defendants New York City Police Department ("NYPD"), the 67th Precinct, and the Kings County Criminal Court are dismissed from both actions. Patricia Atkins-Payne's false arrest claim is also dismissed. However, the unlawful search claim against the remaining defendants may proceed in both actions, as may Elliot Payne's claim for false arrest.

## Background

The following facts are drawn from the complaints, and are assumed to be true for purposes of this Memorandum and Order. Patricia is the sole owner of the premises located at 861 E. 46th Street in Brooklyn. Atkins-Payne Complaint, Dkt. No. 1, 17-cv-2985 at 3, ¶ 2; Payne Complaint, Dkt. No. 1, 17-cv-3392 at 3, ¶ 2. The building is home to two residences, a main residence occupied by Patricia and her husband, David Payne, and a basement apartment occupied by Elliot, who is David Payne's son. Atkins-Payne Compl. at 3, ¶s 4-5, 10; Payne Compl. at 3, ¶s 4-5, 10.

On November 3, 2015, David, who is disabled and uses a wheelchair, was alone in the main residence when defendant Police Officers Rodriguez and Jean entered the apartment by pushing open the door. Atkins-Payne Compl. at 3, ¶ 8; Payne Compl. at 3-4, ¶ 8. The two officers did not present a warrant. Atkins-Payne Compl. at 3, ¶ 9; Payne Compl. at 4, ¶ 9. After entering, they questioned David about Elliot. David told the officers that neither Elliot nor Patricia was at home. Atkins-Payne Compl. at 3-4, ¶s 10, 12; Payne Compl. at 4, ¶s 10, 12. The officers then went to Elliot's apartment and searched it, without seeking or receiving permission

2

from David or anyone else. Atkins-Payne Compl. at 4, ¶s 13-14; Payne Compl. at 4, ¶s 13-14. But, Officer Rodriguez told David that "there is a search and arrest warrant out for [Elliot] and he should turn himself in." Payne Compl. at 5, ¶ 19.

When Elliot and Patricia returned home, at approximately 7:30-8 p.m. on November 3, 2015, they found the entrance and living room doors open and David "appeared to be all shucked up." Atkins-Payne at 3, ¶s 3, 5-6; Payne at 3, ¶s 3, 5-6. David informed Elliot and Patricia about what had transpired. Patricia then called the 67th Precinct. Atkins-Payne Compl. at 3, 5, ¶s 7, 21; Payne Compl. at 3, 5, ¶s 7, 21. An officer from the "Squad Unit" confirmed that a warrant had been issued for Elliot's arrest, signed by Detective McLaughlin. Atkins-Payne Compl. at 5, ¶s 21-22; Payne Compl. at 5, ¶s 21-22. The next day, on November 4, 2015, Elliot and Patricia went to the criminal court and asked clerks on the first floor, and "upstairs," about the incident. They were told that there was no warrant for his arrest in the system. Atkins-Payne Compl. at 5, ¶s 24-26; Payne Compl. at 6, ¶s 24-26.

On November 12, 2015, at approximately 6:30 am, three NYPD officers arrived, knocked once on Elliot's entrance door while he was getting dressed, and then entered through the basement to his apartment. Payne Compl. at 6, ¶s 29, 31-33. Officer Rodriguez told Elliot that he was under arrest. Payne Compl. at 7, ¶ 34. A young white male officer placed handcuffs on him and escorted him from the residence. Atkins-Payne Compl. at 6-7, ¶s 35, 37; Payne Compl. at 7, ¶ 41. There was a third officer present, who was a female sergeant, perhaps named Colette. Atkins-Payne Compl. at 6-7, ¶s 36-37; Payne Compl. at 7, ¶ 40. The officers did not show him a warrant or advise Elliot of any constitutional rights. Atkins-Payne Compl. at 7, ¶ 39; Payne Compl. at 7, ¶s 35, 37. Elliot was taken to the 67th Precinct, held overnight, arraigned the next day, and "missed two days straight of his college exams because of the arrest." Payne Compl. at

3

7-8, ¶s 42-44. Patricia's daughter, Sharon, was also arrested. Atkins-Payne Compl. at 6-8, ¶s 36, 45, 50. Patricia asserts that the entire episode unfolded after the arresting police officers entered the building by forcing the lock on her door. Atkins-Payne Compl. at 8, ¶ 47-48.

Patricia filed her complaint on May 12, 2017. Elliot filed his on June 2, 2017. Both allege that the search and the arrests violated their Fourth Amendment rights. They seek millions of dollars in damages. Atkins-Payne Compl. at 8, Payne Compl. at 9.

## Standard of Review

A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citation omitted). With that understanding, a *pro se* plaintiff's pleadings should be interpreted liberally, to raise "the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quotation omitted). Nonetheless, a *pro se* complaint must still "plead facts sufficient 'to state a claim to relief that is plausible on its face.'" *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

Separately, where a plaintiff is proceeding *in forma pauperis*, as both plaintiffs are here, the district court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Generally, however, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)) (internal quotation marks omitted).

4

Discussion

Both Patricia and Elliot allege violations of their Fourth Amendment rights. Their claims are best construed as claims for false arrest and unlawful search. Given that plaintiffs raise these claims against state actors, they are presumed to be brought under 42 U.S.C. § 1983. To succeed, a § 1983 plaintiff must show that a defendant has (a) acted under color of state law to (b) deprive the plaintiff of a right arising under the Constitution or federal law. *Dubin v. Cty. of Nassau*, 277 F. Supp. 3d 366, 385 (E.D.N.Y. 2017) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

Notwithstanding these ordinarily deliberative considerations, certain summary dismissals are in order at threshold. Specifically, plaintiffs have named as defendants the Kings County Criminal Court, NYPD, and the 67th Precinct.[2] The Eleventh Amendment's establishment of sovereign immunity to states means that, without a waiver or valid abrogation, "federal courts may not entertain a person's private suit against a state." *Lewis v. Clarke*, __ U.S. __, 137 S. Ct. 1285, 1290, 197 L. Ed. 2d 631 (2017); *see also Dean v. Univ. at Buffalo Sch. of Medicine and Biomedical Sciences*, 804 F.3d 178, 193 (2d Cir. 2015). In addition to a state itself, sovereign immunity is generally extended to "an arm or instrumentality of the State." *Lewis*, __ U.S. at __,

---

[2] Even had the City of New York been substituted for its police agencies, a municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom exists that caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 2436, 85 L. Ed. 2d 791 (1985). In this case, plaintiffs do not allege any unconstitutional policy or custom attributable to the City of New York. Furthermore, nothing in the details of their accounts of these incidents suggests that plaintiffs could plausibly allege municipal liability in these cases.

137 S. Ct. at 1290. New York's Unified Court System, which includes Kings County Criminal Court, is one of the state's arms, meaning that it is immune to suit under the Eleventh Amendment. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). The claims against Kings County Criminal Court are dismissed.

For different reasons, NYPD is a non-suable party. It is merely an agency of the City of New York. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. Feb. 6, 2007); N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). A precinct is an organizational subdivision of NYPD, and thus, of the City of New York. The precinct, as well as NYPD, lacks independent legal existence. *Flemming v. New York City*, 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (citing *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999)). As a result, the claims against NYPD and the 67th Precinct must also be dismissed for failure to state a claim upon which relief can be granted. 28 U.S. C. §1915(e)(2)(B)(ii).

For substantive, rather than ground rule, reasons, Patricia's false arrest claim must also be dismissed. A false arrest claim brought under § 1983 is "substantially the same as a claim for false arrest under New York law." *Esperanza v. City of New York*, __ F. Supp. 3d __, 2018 WL 3404140, at *5 (E.D.N.Y. Jul. 12, 2018). To plausibly plead a false arrest claim, Patricia must allege that: (1) the defendant intended to confine her; (2) she was aware of the confinement; (3) she did not consent to the confinement; and (4) "the confinement was not otherwise privileged." *Esperanza*, __ F. Supp. 3d at __, 2018 WL 3404140, at *5 (quoting *Broughton v. State*, 37 N.Y.3d 451, 373 N.Y.S.3d 87, 335 N.E.D3d 310, 314 (1975)). As a matter of law, an arrest is privileged if it is based on probable cause. *Esperanza*, __ F. Supp. 3d at __, 3018 WL 3404140,

at *6. In her complaint, Patricia pleads that she "suffered a loss of liberty and emotional distress cause [sic] by the arrest of my family[.]" To cut to the heart of it, Patricia's pleadings fail because of an ingredient that is missing and the presence of an ingredient that is poisonous. The poisonous allegation is her attempt to assert a false arrest claim on behalf of "her family." A plaintiff may not assert claims on behalf of her son or daughter; a plaintiff can only assert civil rights claims by "establish[ing] that [she] was personally deprived of rights or privileges secured by the Constitution." *Casino v. Fielding*, 2013 WL 5970694, at *4 (E.D.N.Y. Nov. 8, 2013). Patricia pleads no facts even suggesting that she was arrested. Indeed, the detail in her complaint discussing the happening of these incidents leaves no doubt that she was not arrested. Her false arrest claim must be dismissed.

In contrast, Elliot has pleaded a false arrest claim for the purposes of §§ 1983 and 1915(e). He sketches out facts showing that defendant officers intended to arrest him; that he was aware of this arrest; that he did not consent; and, critically, that there was no outstanding warrant for his arrest. As such, plausibly pled, his false arrest claim may proceed.

Unreasonable search and seizure claims lie under § 1983, which enable a victim to recover damages "directly related to the invasion of their privacy – including (where appropriate) damages for physical injury, property damage, [and] injury reputation." *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999). The Fourth Amendment protects persons and their homes from "unreasonable searches and seizures." To be considered reasonable, any search of a home "must either be conducted pursuant to a warrant or meet an exception to the warrant requirement." *Chamberlain v. City of White Plains*, 986 F. Supp. 3d 363, 381 (S.D.N.Y. 2013). A warrantless entry into a person's home, however, can be deemed "reasonable if exigent circumstances exist that require police officers to immediately enter the property." *Id.*

On preliminary review, the individual "search and seizure" claims of Patricia and Elliot pass constitutional muster. As the owner of the searched residence, Patricia certainly had an expectation of privacy in her home. *Figueroa v. Mazza*, 825 F.3d 89, 108-09 (2d Cir. 2016). With that formulation, she has pleaded that the NYPD officers who entered did not have a warrant or the consent of either her or her husband. Similarly, Elliot, residing in the basement apartment had an expectation of privacy and has pleaded that the officers had entered it without a warrant or his consent.[3]

As a last order of preliminary business, it must be observed that plaintiffs do not fully identify two unknown NYPD officers present, other than as a female Sergeant/police officer Jane Doe (possibly named Colette) and a white male police officer John Doe. In accord with *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court requests that the Corporation Counsel of the City of New York ascertain the full names and service addresses of the partially identified NYPD officers, both then apparently stationed at the 67th Precinct. The Corporation Counsel need not undertake to defend or indemnify these individual officers merely as a result of the issuance of this order. The order is simply meant to provide a means by which plaintiffs may

---

[3] While it is not entirely clear from their pleadings, Patricia and Elliot might also be seeking to raise intentional infliction of emotional distress claims, which would be state law claims, cognizable under this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. If so, plaintiffs should make their intent clear in their amended complaint. To survive dismissal, any such claim must plausibly plead facts showing: (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Blount v. Kelly*, 2018 WL 3382906, at *16 (E.D.N.Y. July 10, 2018); *see also Murphy v. Amer. Home Prods. Corp.*, 58 N.Y.2d 293, 303, 448 N.E.2d 86, 90, 461 N.Y.S.2d 232, 236 (1983). Under New York law, the relevant conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing Restatement of Torts, Second, § 46, subd. [1], comment *d*). Thus far, neither plaintiff makes this showing.

name and properly serve the John and Jane Doe defendants.

## Conclusion

Plaintiffs' claims against NYPD, the 67th Precinct, and the Kings County Criminal Court, as well as Patricia Atkins-Payne's false arrest claim, are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to amend the caption and the docket to delete NYPD, the 67th Precinct, and the Kings County Criminal Court as defendants.

The remaining claims against the five remaining defendants may proceed in each action. The Clerk of Court is directed to issue summonses to the remaining defendants in both cases. The United States Marshals Service is directed to serve the summons and complaints and this Order on those defendants without prepayment of fees. As to the two Doe defendants, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*), the Corporation Counsel is hereby requested to produce the information specified above regarding the identity and service address of the partially identified Doe defendants within 30 days of the entry of this Order on the docket. Once this information is provided, plaintiffs' complaints shall be deemed amended to reflect the full names of these defendants, summonses shall be issued, and the Court shall direct service on these defendants.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall send a copy of the complaints and this Order to the New York City Law Department, and a copy of this Memorandum and Order to both plaintiffs.

So Ordered.

Dated: Brooklyn, New York
       July 31, 2018

/s/ Hon. Eric N. Vitaliano, U.S.D.J.
ERIC N. VITALIANO
United States District Judge